UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SONDRA LEWIS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **JOHN JAY BEAUTY COLLEGE, ET AL** | * | **JUDGE** |
| | * | |
| | * | **MAGISTRATE JUDGE** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF LOUISIANA**

Petitioner L'Oréal USA Creative, Inc. ("L'Oréal USA Creative"), defendant in the above-captioned case, appearing through undersigned counsel, shows this Honorable Court in this Notice of Removal that:

1.

On or about November 3, 2023, an action was commenced against petitioner L'Oréal USA Creative in the Civil District Court for the Parish of Orleans entitled "Sondra Lewis vs. John Jay Beauty College, et al." Civil Action No. 2023-122233, Division "E-7" of that Court.

2.

L'Oréal USA Creative was served with plaintiff's *Petition for Damages* by service of process on November 14, 2023. Copies of the *Petition for Damages*, Citation, and Notice of Service of Process are attached. No other process, pleadings, or orders have been served upon or received by L'Oréal USA Creative and this Notice of Removal is being filed within thirty days from receipt of any paper which would commence the running of the time within which to remove this action to this Honorable Court.

1

3.

As will be shown more fully below, the above-described action is a civil action over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a), and is one which may be removed to this Court by L'Oréal USA Creative pursuant to 28 U.S.C. §§ 1446(a), 1441, and 1446.

4.

Complete diversity of citizenship exists between the properly joined and served parties and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00. Under 28 U.S.C. § 1446(b), no party properly joined and served as a defendant in this action is a citizen of Louisiana, the state in which this action was filed.

5.

The named plaintiff Sondra Lewis at the time she commenced the state court action was and still is a resident of and domiciled in the State of Louisiana. *See* Petition for Damages, ¶ 3.

6.

Petitioner L'Oréal USA Creative is a Delaware corporation with its principal place of business in New York City, New York.

7.

Defendant Revlon Consumer Products Corporation is a Delaware corporation with its principal place of business in New York.

8.

Defendant The Wella Corporation is a Delaware Corporation with its principal place of business in New York.

2

9.

As of the time of the filing of this Notice of Removal, no party properly joined and served as a defendant in this action is a citizen of Louisiana, the state in which this action was filed and hence removal is permitted.  *See, e.g., Texas Brine Company, LLC v. American Arbitration Association, Inc.*, 955 F.3d 482 (5th Cir. 2020); *Leach v. 3M Company*, 278 F.Supp.3d 933 (E.D. La. 2017); *Harvey v. Shelter Insurance Company*, 2013 WL 1768658 (E.D. La. April 24, 2013) (Feldman, J.); *Tavistock Restaurant Group, LLC v. Zurich American Insurance Company,* 2021 WL 1614519 (N.D. Ill. April 26, 2021) (Kness, J.); *Foshee v. Abbott Laboratories,* 2022 WL 1063767 (S.D. Ill. April 8, 2022) (Dugan, J.); *Goodwin v. Reynolds*, 2012 WL 4732215 (N.D. Ala. Sept. 28, 2012) (Blackburn, J.).

10.

In the alternative, removal is appropriate pursuant to the doctrine of improper joinder. While John Jay Beauty College, Inc. ("John Jay") and Dorignacs Food Center, L.L.C. ("Dorignacs") are named as defendants in this action, they have not been served in this action. Even if they were served, their inclusion does not defeat federal diversity jurisdiction. The doctrine of improper joinder prevents plaintiff from defeating federal diversity jurisdiction simply by naming a non-diverse defendant.  In determining whether a non-diverse defendant has been improperly joined, the inquiry is whether "there is . . . [a] reasonable basis for the district court to predict that the plaintiff might able to recover against [the] in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 382, 286 n.4 (5th Cir. 2000)).  In the instant matter, there is no reasonable basis on which plaintiff might be able to recover against John

Jay and Dorignacs.  Accordingly, John Jay and Dorignacs are improperly joined and this Court has diversity jurisdiction.

11.

This is a product liability lawsuit which arises from plaintiff's allegation that her exposure to certain hair dye products and the component ingredients therein caused plaintiff's breast cancer diagnosis on March 31, 2022.  *See* Petition for Damages, ¶¶ 7, 11, 13, 14.  Plaintiff brings this action against various defendants she alleges "manufactured, sold, distributed, supplied, and/or used" the hair dye products.  *Id.* ¶ 15.

12.

The only allegation specific to Dorignacs in the Petition for Damages is that it "supplied and sold" certain hair dye products to plaintiff.  *Id.* ¶ 18.  Similarly, the only allegation specific to John Jay in the Petition for Damages is that that John Jay "sold, supplied, and applied" hair dye products to plaintiff.  *Id.* ¶ 52.  Plaintiff fails to allege (nor can she) that either Dorignacs or John Jay were manufacturers of the hair dye products she was allegedly exposed to.

13.

The Petition for Damages fails to set forth any facts that would support a cause of action for negligence, strict liability and/or professional vendor liability against John Jay and Dorignacs. In Louisiana, a non-manufacturer seller can only be held liable for damages in tort if it knew or should have known that the product was defective and failed to notify the purchaser of the defect. *See, e,g.*, *Ayala v. Enerco Group, Inc.*, 569 Fed. Appx. 241, 245-46 (5th Cir. 2014); *Bellow v. Fleetwood Motor Homes*, No. 06-2039, 2007 WL 1308382, at *2 (W.D. La. Apr. 13, 2007).  In addition, a retail vendor becomes liable as a "professional vendor" only "where the vendor is capable of controlling the quality of the manufactured product due to its size and volume of

business" and "holds the manufacturer's product out as its own." *Barrett v. R.J. Reynolds Tobacco Co.*, No. CIV A 99–1195, 1999 WL 460778, at *2 (E.D. La. June, 29, 1999).

14.

Plaintiff's Petition for Damages contains only blanket, conclusory allegations that "defendants knew or should have known" about some defect in the hair dyes purchased or used by plaintiff. (*See* Exhibit A, Petition ¶¶ 10, 43, 46, 52.) There are no factual allegations particular to Dorignacs or John Jay that demonstrate the requisite "knowledge" on their part. Further, plaintiff fails to allege, nor can she, any facts sufficient to establish that either John Jay or Dorignacs were "capable of controlling the quality of the manufactured product due to its size and volume of business" and "holds the manufacturer's product out as its own." *Barrett*, 1999 WL 460778, at *3. Dorignacs, a small retail convenience store, and John Jay, a local beauty college, were in no way involved in and did not exercise any influence or control over the quality of the manufactured hair dye products at issue and plaintiff does not allege otherwise.

15.

Plaintiff seeks an unspecified amount in damages against defendants for allegedly causing her to contract breast cancer through the use of their hair care products; the items of damages for which plaintiff seeks recovery are for all past, present, and future medical costs or expenses; all past, present, and future lost earnings; all past, present, and future mental suffering, anguish, pain, and suffering; all past, present, and future physical pain and suffering; loss of quality of life; past, present, and future disability; and punitive damages. *See* Petition for Damages, Wherefore paragraph ¶¶ a-g. The amount in controversy thus exceeds the $75,000.00 jurisdictional requirement to remove plaintiff's case to this Court. *Cf. Kennedy v. U.S.*, 750 F.Supp.206 (W.D. La. 1990) (delay in diagnosing breast cancer, $400,000.00); *Corley v. State, DHH*, 32,613 (La.

App. 2 Cir. 12/30/99), 749 So.2d 926 (misdiagnosed cancer, delayed diagnosis, $400,000.00); *Greer v. Lammico*, 29,066 (La. App. 2 Cir. 1/31/97) (delay in diagnosing breast cancer, $400,000.00); *Claudet v. Weyrich*, 94-2347 (La. App. 4 Cir. 9/28/95), 662 So.2d 131 (delay in diagnosing breast cancer, $600,000.00).

16.

The other properly served foreign defendants consent in this removal as is or will be shown by their written consent to removal filed or to be filed with this Court.

17.

L'Oréal USA Creative will promptly serve written notice of this Notice of Removal upon the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, L'Oréal USA Creative prays that the above-numbered and entitled cause on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully Submitted:

*s/ H. Carter Marshall*
**H. CARTER MARSHALL (28136), T.A.**
hcmarshall@christovich.com
**ROBERT E. PEYTON (10494)**
repeyton@christovich.com
**KEVIN R. TULLY (1627) T.A.**
krtully@christovich.com
**CHRISTOVICH & KEARNEY, LLP**
Suite 2300
Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700
Attorneys for L'Oréal USA Creative

**CERTIFICATE**

I do hereby certify that on the 4th day of December 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Notice of the filing will be sent by U.S. Mail, email and/or by facsimile to counsel for plaintiff, the Elam Law Group, Jason K. Elam, 650 Poydras Street, Suite 2708, New Orleans, Louisiana.

*s/ H. Carter Marshall*
**H. CARTER MARSHALL**
**ROBERT E. PEYTON**
**KEVIN R. TULLY**

4853-8038-1076, v. 1